1

2

3

4

5

6

7

8

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

12   MIKE CASTANEDA,                 No.  1:15-cv-00148-JAM-SKO

13              Plaintiff,

14        v.                         **ORDER GRANTING DEFENDANTS'
                                     MOTION TO DISMISS**
15   CITY OF FARMERSVILLE; JEREMY
     BROGAN; and DOES 1 through
16   10,

17              Defendants.

18

19        Plaintiff Mike Castaneda ("Plaintiff") filed a First Amended

20   Complaint ("FAC") (Doc. #19) alleging two causes of action

21   against Defendants City of Farmersville ("the City") and Jeremy

22   Brogan ("Brogan") (collectively "Defendants").  Defendants now

23   move to dismiss (Doc. #20) Plaintiff's claims against the City.[1]

24   ///

25   ///

26

27   _____
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for July 15, 2015.

                              1

1

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2       According to the FAC, Plaintiff was a live-in caretaker for

3  an elderly gentleman in Farmersville, California.  While loudly

4  dealing with his patient, Plaintiff heard a knock at the door.

5  At the door was Brogan, an officer with the Farmersville Police

6  Department.  Brogan asked Plaintiff to step outside and "promptly

7  detained Plaintiff using handcuffs."  The handcuffs caused

8  Plaintiff severe pain.  Brogan placed Plaintiff in the back of a

9  police vehicle and slammed the door on Plaintiff's foot.   As

10 Brogan drove Plaintiff to the Tulare County Jail, Brogan drove

11 erratically in order to cause Plaintiff injuries, which such

12 injuries did result.

13      Plaintiff requested medical attention for his hands and

14 foot; Brogan ignored him.  Plaintiff was held in custody for

15 three days without medical attention before being released

16 without being charged with a crime.  Plaintiff alleges that he

17 has been declared permanently disabled as a result of the

18 incident.

19      The FAC states two causes of action pursuant to 42 U.S.C.

20 § 1983 ("§1983") against all Defendants based on (1) Excessive

21 Force and (2) Denial of Medical Care.

22

23                      II.   OPINION

24      Defendants contend the FAC fails to set forth sufficient

25 facts to plausibly plead a cause of action against the City

26 pursuant to Monell v. Department of Social Services of City of

27 New York, 436 U.S. 658 (1978).  MTD at p. 3.

28 ///

                              2

To create municipal liability under §1983, the constitutional violation must be caused by "a policy, practice, or custom of the entity," Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011), or be the result of an order by a policy-making officer, see Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002). See also Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012). "Although detailed factual allegations are not required under [Federal Rule of Civil Procedure] 8, a claim must set forth sufficient factual content that allows the 'court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Herrera v. City of Sacramento, No. 2:13-CV-00456 JAM-AC, 2013 WL 3992497, at *8 (E.D. Cal. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In his Opposition, Plaintiff points to the following sections of the FAC:

> [The City] has failed to adequately train its employee peace officers, including [] Brogan . . . in minimally accepted standards of police conduct . . . including proper use of [force] . . . and obligations to provide medical care . . . . [FAC ¶ 10]

> Defendant Brogan . . . acting within the course and scope of his duties . . . seized, detained and arrested Plaintiff without a warrant, probable cause, reasonable suspicion or any other legal justification . . . . [FAC ¶ 22]

Opp. at p. 4. Plaintiff adds that Defendants were also "placed on notice" by the FAC's allegation that Brogan "intentionally and deliberately refused to render or provide any form of reasonable medical care to treat Plaintiff for the injuries he had suffered . . . . [FAC ¶ 27]." Id. Plaintiff argues these allegations adequately put Defendants "on notice for what they must defend."

1  Opp. at pp. 3-4.

2      First, the allegations regarding Brogan's conduct

3  surrounding the seizure and detention of Plaintiff (FAC ¶ 22) and

4  his failure to provide medical care (FAC ¶ 27) relate to and

5  properly support Plaintiff's claims against Brogan.  However, the

6  City cannot be held liable for Brogan's actions under a

7  respondeat superior theory.  See Hunter v. Cnty. of Sacramento,

8  652 F.3d 1225, 1232-33 (9th Cir. 2011).

9      The only allegations in the FAC providing any basis for the

10  City's liability pursuant to Monell are entirely conclusory.  FAC

11  ¶¶ 10-11.  "[T]o sufficiently state a claim under Monell, it is

12  not enough to state that there is a policy and the policy

13  amounted to deliberate indifference to various constitutional

14  rights of the Plaintiffs; there must be facts showing the

15  plausibility of those statements."  Herrera, 2013 WL 3992497, at

16  *8.  "Although [a] plaintiff may benefit from discovery, the

17  Supreme Court has made it clear that threadbare allegations are

18  insufficient to 'unlock the doors of discovery for a plaintiff

19  armed with nothing more than conclusions.'"  Via v. City of

20  Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (quoting

21  Iqbal, 556 U.S. at 678-79).

22      The FAC does not allege any facts supporting Plaintiff's

23  claims that the City failed to adequately train and supervise its

24  officers and properly investigate claims of misconduct.  The

25  Court accordingly grants Defendants' motion to dismiss

26  Plaintiff's claims against the City in the first and second

27  causes of action.  Because it is not clear to the Court that

28  Plaintiff can allege no set of facts to support such claims, the

4

1    Court grants Plaintiff leave to amend.

2

3                        III.   ORDER

4         For the reasons set forth above, the Court GRANTS

5    Defendants' Motion to Dismiss Plaintiff's claims against the City

6    WITH LEAVE TO AMEND.   If Plaintiff chooses to amend, he must file

7    his new complaint within twenty (20) days of the date of this

8    order.   Defendants must file their responsive pleading within

9    twenty (20) days thereafter.

10        IT IS SO ORDERED.

11   Dated: July 10, 2015

12                                        _____

13                                        JOHN A. MENDEZ,
                                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                5